IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RONALD PARKER LITTLE, )<br>)<br>  Petitioner, )<br>) <br> v. )<br>)<br>UNITED STATES OF AMERICA )<br>and DAVID POTTS, Director )<br>of RRM Montgomery, )<br>)<br>  Respondents. ) | CIVIL ACTION NO.<br>2:22cv300-MHT<br>(WO) |

DISMISSAL ORDER

Petitioner filed this habeas case under 28 U.S.C. § 2241 while serving a sentence in home confinement in the custody of the Bureau of Prisons. The record reflects that he was released from home confinement and from the custody of the Bureau of Prisons on June 3, 2022. *See* Declaration of Susan Giddings (Doc. 14-1) at 6-7. Moreover, petitioner received early termination of supervised release and was discharged from post-release supervision on December 3, 2024. *See* Dec. 24, 2024 Order *United States of American v. Ronald*

*Parker Little*, case number 2:24cr68-ECM (M.D. Ala.).

On May 29, 2025, the court entered an order (Doc. 24) requiring the parties to show cause by June 12, 2025, why this case should not be dismissed with prejudice as moot. The order warned that this case would be dismissed if the parties failed to respond. *Id*. at 2. To date, no party has responded.

In regard to whether a 28 U.S.C. § 2241 action has been rendered moot, the Eleventh Circuit has explained:

> "... Article III of the Constitution 'limits the jurisdiction of federal courts to "cases" and "controversies,"' and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot 'when it no longer presents a live controversy with respect to which the court can give meaningful relief.' *See id.* (quotation marks omitted). ...
>
> "'As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.' *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) (citations omitted); *see also* 28 U.S.C. § 2241(c)(3). The Supreme Court has held that the 'in custody' requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236,
2

> 243 (1963). This means that once a petitioner's custodial sentence has expired, 'some concrete and continuing injury ... some "collateral consequence" ... must exist if the suit is to be maintained.' *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)... .
>
> "Ultimately, the burden remains on the petitioner to establish that his case still presents a live 'case or controversy' by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention ... and he has not raised a challenge to a 'collateral consequence,' we've held that ... his habeas petition has become moot."

*Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022) (additional citations omitted). Ultimately, "[t]he fundamental question is whether events have occurred that deprive [the court] of the ability to give the [petitioner] meaningful relief." *Id.* at 1107 (citation omitted).

Here, petitioner sought a correction to the Bureau of Prisons' calculation of his First Step Act (FSA) time credits, as well as a reduced sentence. The Bureau calculated his FSA time credits, and he was released from custody on June 3, 2022. He was then discharged from post-release supervision on December 3, 2024.

3

Because petitioner has been released from Bureau's custody and has not raised a "collateral consequence" challenge, a favorable decision on the merits would not provide him meaningful relief, and his petition is moot. *See Djadju*, 32 F.4th at 1107; *see also Rendon v. Broton*, No. 7:25-CV-327-RDP, 2025 WL 1547739, at *1 (N.D. Ala. May 30, 2025) (Proctor, J.) (citing *Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) (holding that, if a court can no longer provide meaningful relief, a case must be dismissed as moot)).

Accordingly, it is ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is denied as moot, and this case is dismissed with prejudice.

An appropriate judgment will be entered.

DONE, this the 3rd day of July, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE